Jones, J.,
delivered the opinion of the Court.
This was an action of debt, brought by the plaintiff in error, and plaintiff below, against the defendants, which the defendants, at the return term of the writ, moved to dismiss, for want of sufficient security for costs ; and the Court was of opinion that the suit should be dismissed, and that the defendants should recover against the plaintiff their costs; to reverse which, the cause has been brought before this Court. The transcript of the proceedings below, transmitted to this Court, gives a copy of a bond, given by a resident, as security for costs, in the action brought below; but, as the sufficiency of the bond does not appear to have been made a question of in that Court, and reserved for the opinion of this Court, by a bill of exception, we do not think that the question, as to the sufficiency of such bond, is now judicially before us. On, however, reading the bond, we are of opinion, it is sufficient to satisfy the intent and meaning of the act, which requires security for costs to be given by non-residents suing in our Courts, although it does not follow the words of the statute, which are: to pay, or cause to be paid, dll the costs which may accrue in such action; whereas, the bond said to have been given, is for the payment, to the defendants, and to the several officers of the Court, and to all others interested, all costa which may be awarded to be paid, by said Baggs.
*187 The object of the law was, to secure the payment of costs, by a non-resident plaintiff, and this object is, in our opinion, fully answered by the bond given. It has been contended, that it only contemplates the payment of the costs, by the plaintifij in case he should be cast, and that it does not secure the payment of fees that might accrue to the officers of the Court, in case no costs should be awarded against him, by the judgment of the Court. We think otherwise; the condition having expressly provided for the payment of all costs, to the officers of the Court, and all others interested.
The judgment of the Circuit Court is reversed, and the cause is remanded to that Court for further proceedings, according to law; and let the plaintiff recover his costs in this Court, against the defendants; and if we overlook the bond altogether, the judgment of the Circuit Court is erroneous, because it there no where appears, that the plaintiff is a non-resident, or otherwise incapable of suing, without giving security for costs; and it is, in general, true, that the facts upon which the conclusion of law is pronounced, should, by the record, appear to have been ascertained.